UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SAUL BERNABE,

                              Plaintiff,

- against -

THE CITY OF NEW YORK, POLICE OFFICER MATTHEW
JAGODA, POLICE OFFICER MICHAEL MCCARTHY, POLICE
OFFICER BRIAN JAY, POLICE OFFICER ROBERT MAY,
POLICE OFFICER JOHN DOE(S) #'s 1-3,

                              Defendants.
---------------------------------------------------------------X

**AMENDED COMPLAINT**

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES**

13 CV 8531 (LGS)

RECEIVED FEB 27 2014 U.S.D.C. S.D.N.Y. CASHIERS

Plaintiff, **SAUL BERNABE**, by his attorneys, NASS & ROPER LAW, complaining of the Defendants, respectfully alleges, upon information and belief, as follows:

### I. PRELIMINARY STATEMENT

1. This is a civil rights action in which Plaintiff, **SAUL BERNABE**, seeks damages to redress the deprivation, under color of state law, of rights secured to him under the Fourth, Fifth, Sixth and Fourteenth Amendments of the United States Constitution. On or about August 31, 2012, at approximately 3:00 a.m., Plaintiff was walking his dog near the corner of Arden Street and Sherman Avenue when Defendants approached him and accused him of selling drugs. Plaintiff was assaulted and falsely arrested by Defendants including, but not limited to, **POLICE OFFICER MATTHEW JAGODA, POLICE OFFICER MICHAEL MCCARTHY, POLICE OFFICER BRIAN JAY, POLICE OFFICER ROBERT MAY** and **POLICE OFFICER JOHN/JANE DOE(S) #'S 1-3**. It is alleged that Defendants falsely arrested Plaintiff in violation of his constitutional rights, and used excessive

1

force in effectuating his arrest. As a result of the excessive force used by Defendants, Plaintiff suffered severe physical and mental injuries.

## II. JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. §1343 (3) and (4), which provides for original jurisdiction in this court of all suits brought pursuant to 42 U.S.C. §1983, and by 28 U.S.C. §1331, which provides jurisdiction over all cases brought pursuant to the Constitution and laws of the United States. This Court has pendant jurisdiction over Plaintiff's state law claims.

## III. PARTIES

3. Plaintiff, **SAUL BERNABE**, at all times relevant hereto, resided at 1154 East 229th Drive South, Apt. 6F, in the County of Bronx, and in the City and State of New York.

4. Defendant, **CITY OF NEW YORK** (hereinafter "CITY"), is a municipal corporation, incorporated pursuant to the laws of the State of New York, which operates the New York City Police Department (hereinafter "NYPD"), and as such is the public employer of the Defendant officers herein.

5. Defendant, **POLICE OFFICER MATTHEW JAGODA** (Shield: 6817), was an NYPD police officer with the 34th Police Precinct, and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of Defendant CITY and within the scope of their employment.

6. Defendant, **POLICE OFFICER MICHAEL MCCARTHY** (Shield: 03556), was an NYPD police officer with the 34th Police Precinct, and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of Defendant CITY and within the scope of their employment.

7. Defendant, **POLICE OFFICER BRIAN JAY** (Shield: 29733), was an NYPD police officer with the 34th Police Precinct, and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of Defendant CITY and within the scope of their employment.

8. Defendant, **POLICE OFFICER ROBERT MAY** (Shield: 16030), was an NYPD police officer with the 34th Police Precinct, and at all relevant times hereto, acted in that capacity as an agent, servant, and/or employee of Defendant CITY and within the scope of their employment.

9. Defendants, **POLICE OFFICER JOHN/JANE DOE(S) #'s 1-3**, were NYPD police officers, and at all relevant times hereto, acted in that capacity as agents, servants, and/or employees of Defendant CITY and within the scope of their employment.

10. At all relevant times hereto, Defendant CITY was responsible for making and enforcing the policies of NYPD and was acting under the color of law, to wit, under color of the statutes, ordinances, regulations, policies, customs and usages of the State of New York and/or the City of New York.

## IV. FACTS

11. On or about August 31, 2012, at approximately 3:00 a.m., Plaintiff, **SAUL BERNABE**, was walking his dog at, or near, the address of 44 Arden Street in Manhattan, New York.

12. Approximately four Police Officer Defendants approached Plaintiff, **SAUL BERNABE**, and accused him of selling drugs.

13. Plaintiff asked Defendants if he could bring his dog back home before being arrested, or if he could have someone pick up the dog.

14. Defendants refused and pepper sprayed Plaintiff's dog, causing it to run away violently.

15. Defendants then pepper-sprayed Plaintiff, tazered him to the ground and proceeded to stomp and hit him with batons on the ground causing severe injuries.

16. Plaintiff was then brought to the 34th Police Precinct office on 4295 Broadway, New York, New York 10033 and was placed in a holding cell for approximately three (3) hours.

17. Plaintiff complained to Defendants that he suffered a severe injury to his hand and back and that he needed medical attention.

18. An ambulance was finally called for Plaintiff and he was brought to New York Presbyterian Hospital, located at 525 E 68th St, New York, NY 10065, accompanied by Defendant Police Officers.

19. In the hospital, Doctors told Defendants that Plaintiff needed surgery on his hand to set the broken bones in his hand and Defendants told the Doctor that there was "no time for surgery," and that he "needed to see a judge."

20. Plaintiff was then brought back to the 34th Precinct for approximately one (1) hour and he was then brought to Central Booking.

21. At Central Booking, Plaintiff was placed in an isolated cell due to his injuries and the visible cast on his arm and hand.

22. Bail for Plaintiff was set at $2,000, and he would spend approximately seven (7) days in custody and would be forced to make approximately three (3) court appearances before all charges were dismissed on March 27, 2013.

23. That on or around the 29th day of March, 2013, Plaintiff's Notice of Claim and Intention to sue was duly served upon and filed with the CITY; said Notice was filed within ninety (90) days after the cause of action herein accrued and set forth the name and post office address of Plaintiff, the nature of the claim, the time when, the place where, the manner in which the claim arose and the items of damage and injuries sustained.

24. That at least thirty (30) days have elapsed since the demand or claim upon which these actions are predicated was presented to CITY for adjustment or payment thereof and that it has neglected and/or refused to make adjustment or payment thereof.

## V. FIRST CAUSE OF ACTION
### Pursuant to §1983 (FALSE ARREST)

25. Paragraphs 1 through 24 of this complaint are hereby re-alleged and incorporated by reference herein.

26. That Defendants had neither valid evidence for the arrest of Plaintiff nor legal cause or excuse to seize and detain him for approximately seven hours.

27. That in detaining Plaintiff for approximately four (4) hours, and without a fair and reliable determination of probable cause, Defendant CITY abused its power and authority as a policymaker of the New York City Police Department under the color of State and/or local law.

28. Upon information and belief, it was the policy and/or custom of Defendants CITY to inadequately supervise and train their officers, staff, agents and employees, thereby

5

failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

29. As a result of the above described policies and customs, the officers, staff, agents and employees of Defendants CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

30. The above described policies and customs demonstrated a deliberate indifference on the part of the policymakers of the CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

31. By reason of Defendants acts and omissions, Defendant CITY, acting under color of state law and within the scope of its authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to an unlawful detention, in violation of the Fourth and Fourteenth Amendments of the United States Constitution and the laws of the State of New York.

32. By reason of the foregoing, Plaintiff suffered mental injuries, deprivation of liberty and privacy, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VI. SECOND CAUSE OF ACTION
### Pursuant to State Law (FALSE ARREST)

33. Paragraphs 1 through 32 are hereby re-alleged and incorporated by reference herein.

34. That the seizure, detention and imprisonment of Plaintiff was unlawful in that Defendants had no probable cause to detain, arrest and/or imprison him.

35. That Defendants intended to confine Plaintiff.

36. That Plaintiff was conscious of the confinement and did not consent to it.

37. That the confinement was not otherwise privileged.

38. By reason of Defendants acts and omissions, Defendants, acting in gross and wanton disregard of Plaintiff's rights, deprived him of his liberty when they subjected him to an unlawful, illegal and excessive detention, in violation of State law.

39. That by reason of the foregoing, Plaintiff suffered mental injuries, economic injury, deprivation of liberty and privacy, terror, humiliation, damage to reputation and other psychological injuries. All of said injuries may be permanent.

## VII. THIRD CAUSE OF ACTION
### Pursuant to §1983 (EXCESSIVE FORCE)

40. Paragraphs 1 through 39 are hereby re-alleged and incorporated by reference herein.

41. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

42. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

43. That Defendants violated Plaintiff's Fourth and Fourteenth Amendment right to be free from unreasonable seizures when they used excessive force against him.

44. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

45. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

46. That Defendant CITY, through its officers, agents, and employees, unlawfully subjected Plaintiff to excessive force while effectuating his arrest.

47. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

48. That by reason of Defendants acts and omissions, acting under color of state law and within the scope of his authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

49. That upon information and belief, in 2012, defendant CITY had a policy or routine practice of using excessive force when effectuating arrests.

50. That upon information and belief, it was the policy and/or custom of defendant CITY to inadequately train, supervise, discipline, and/or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents and employees.

51. That as a result of the above described policies and customs, the officers, staff, agents and employees of defendant CITY, believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

52. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

53. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### VIII. FOURTH CAUSE OF ACTION
**Pursuant to State Law (EXCESSIVE FORCE)**

54. Paragraphs 1 through 53 are hereby re-alleged and incorporated by reference herein.

55. That the incident that resulted from the intentional application of physical force by Defendants constituted a seizure.

56. That the use of excessive force in effectuating the seizure was unreasonable under the circumstances.

57. That Defendants had no legal cause or reason to use excessive force in effectuating Plaintiff's arrest.

58. That at the time of the arrest, Plaintiff did not pose a threat to the safety of the arresting officers.

59. That Plaintiff was not actively resisting arrest or attempting to evade arrest.

60. That Defendants' actions were grossly disproportionate to the need for action and were unreasonable under the circumstances.

61. That by reason of Defendants acts and omissions, Defendants, acting under color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, subjected Plaintiff to excessive force while effectuating his arrest, in violation of the laws of the State of New York

62. By reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

### IX. FIFTH CAUSE OF ACTION
**Pursuant to State Law (ASSAULT and BATTERY)**

63. Paragraphs 1 through 62 are hereby re-alleged and incorporated by reference herein.

64. That Defendants intended to cause harmful bodily contact to Plaintiff.

65. That Defendants, in a hostile manner, voluntarily caused Plaintiff's injuries.

66. That Defendants' contact with Plaintiff constituted a battery in violation of the laws of the State of New York.

67. That by reason of the foregoing, Plaintiff suffered physical injuries, mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## X. SIXTH CAUSE OF ACTION
**Pursuant to §1983 (MALICIOUS PROSECUTION)**

68. Paragraphs 1 through 67 are hereby re-alleged and incorporated by reference herein.

69. That Defendants, with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime.

70. That the criminal matter against Plaintiff was terminated in his favor and the court adjourned the case in contemplation of dismissal on or around March 27, 2013.

71. That there was no probable cause for the arrest and criminal proceeding.

72. That by reason of Defendants' acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him and subjected him to an unlawful, illegal and excessive detention, in violation of his rights pursuant to the Fourth and Fourteenth Amendments of the United States Constitution.

73. That upon information and belief, Defendants had a policy and /or custom of maliciously prosecuting individuals despite the lack of probable cause. Thus, as a result of the above described policies and customs, Plaintiff was maliciously prosecuted despite the fact that he had committed no violation of the law.

10

74. That upon information and belief it was the policy and /or custom of Defendant CITY to inadequately hire, train, supervise, discipline and /or terminate their officers, staff, agents and employees, thereby failing to adequately discourage further constitutional violations on the part of their officers, staff, agents, and employees.

75. That as a result of the above described policies and customs, Defendant CITY, its staff, agents and employees of Defendant CITY believed that their actions would not be properly monitored by supervisory officers and that misconduct would not be investigated or sanctioned, but would be tolerated.

76. That the above described policies and customs demonstrate a deliberate indifference on the part of the policymakers of Defendant CITY to the constitutional rights of arrestees and were the cause of the violations of Plaintiff's rights alleged herein.

77. That in so acting, Defendant CITY abused its power and authority as policymaker of the NYPD under the color of State and/or local law.

78. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damageS, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

### XI. SEVENTH CAUSE OF ACTION
**Pursuant to State Law (MALICIOUS PROSECUTION)**

79. Paragraphs 1 through 78 are hereby re-alleged and incorporated by reference herein.

80. That Defendants acted with malicious intent, arrested Plaintiff and initiated a criminal proceeding despite the knowledge that Plaintiff had committed no crime.

81. That the criminal matter will be dismissed in Plaintiff's favor.

82. That there was no probable cause for the arrest and criminal proceeding.

83. Defendants knew or should have known that there was no likelihood of a conviction of Plaintiff.

84. That by reason of Defendants acts and omissions, Defendants, acting under the color of state law and within the scope of their authority, in gross and wanton disregard of Plaintiff's rights, deprived Plaintiff of his liberty when they maliciously prosecuted him in violation of the Laws of the State of New York.

85. That by reason of the foregoing, Plaintiff suffered physical and psychological injuries, traumatic stress, post-traumatic stress disorder, mental anguish, economic damages, damage to reputation, shame, humiliation, and indignity. All of said injuries may be permanent.

## XII. EIGHTH CAUSE OF ACTION
### Pursuant to Federal Law (DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED)

86. That, at all times herein mentioned, Plaintiff, SAUL BERNABE, repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

87. That while Plaintiff, SAUL BERNABE, was in the custody of Defendants, THE CITY OF NEW YORK, POLICE OFFICER MATTHEW JAGODA, POLICE OFFICER MICHAEL MCCARTHY, POLICE OFFICER BRIAN JAY, POLICE OFFICER ROBERT MAY, POLICE OFFICER JOHN DOE(S) #'s 1-3, the deprivation of medical attention for Plaintiff's injuries presented a condition of urgency for Plaintiff; one that could have produced degeneration.

88. That the above-mentioned deprivation caused extreme pain and suffering to Plaintiff, SAUL BERNABE, and that Defendants, THE CITY OF NEW YORK, POLICE

OFFICER MATTHEW JAGODA, POLICE OFFICER MICHAEL MCCARTHY, POLICE OFFICER BRIAN JAY, POLICE OFFICER ROBERT MAY, POLICE OFFICER JOHN DOE(S) #'s 1-3, were all made aware of Plaintiff's serious medical needs, but consciously disregarded a substantial risk of serious harm to Plaintiff by refusing to allow surgery for Plaintiff's injuries as recommended by a physician at New York Presbyterian Hospital.

89. That on August 31, 2012, Defendants, THE CITY OF NEW YORK, POLICE OFFICER MATTHEW JAGODA, POLICE OFFICER MICHAEL MCCARTHY, POLICE OFFICER BRIAN JAY, POLICE OFFICER ROBERT MAY, POLICE OFFICER JOHN DOE(S) #'s 1-3, Police Officer(s), Detectives, and/or other agents and/or employees of the New York City Police Department, deprived Plaintiff, SAUL BERNABE, of his liberty by refusing to allow the recommended treatment for Plaintiff's injuries with indifference to his medically urgent needs in violation of the Laws of the State of New York, all while in the scope and furtherance of their employment.

90. That as a direct, proximate cause of Defendants', THE CITY OF NEW YORK, POLICE OFFICER MATTHEW JAGODA, POLICE OFFICER MICHAEL MCCARTHY, POLICE OFFICER BRIAN JAY, POLICE OFFICER ROBERT MAY, POLICE OFFICER JOHN DOE(S) #'s 1-3, medical indifference to Plaintiff, SAUL BERNABE's, dire medical needs, Plaintiff has suffered great physical and injuries, resulting in pain and suffering, as well as disruption of his life and loss of enjoyment of the ordinary pleasures of everyday life.

## XIII. NINTH CAUSE OF ACTION
**Pursuant to State Law (DELIBERATE INDIFFERENCE TO A SERIOUS MEDICAL NEED)**

91. That, at all times herein mentioned, Plaintiff, SAUL BERNABE, repeats, reiterates and re-alleges each and every allegation contained herein as though set forth at length herein.

92. That while Plaintiff, SAUL BERNABE, was in the custody of Defendants, THE CITY OF NEW YORK, POLICE OFFICER MATTHEW JAGODA, POLICE OFFICER MICHAEL MCCARTHY, POLICE OFFICER BRIAN JAY, POLICE OFFICER ROBERT MAY, POLICE OFFICER JOHN DOE(S) #'s 1-3, the deprivation of medical attention for Plaintiff's injuries presented a condition of urgency for Plaintiff; one that could have produced degeneration.

93. That the above-mentioned deprivation caused extreme pain and suffering to Plaintiff, SAUL BERNABE, and that Defendants, THE CITY OF NEW YORK, POLICE OFFICER MATTHEW JAGODA, POLICE OFFICER MICHAEL MCCARTHY, POLICE OFFICER BRIAN JAY, POLICE OFFICER ROBERT MAY, POLICE OFFICER JOHN DOE(S) #'s 1-3, were all made aware of Plaintiff's serious medical needs, but consciously disregarded a substantial risk of serious harm to Plaintiff by refusing to allow surgery for Plaintiff's injuries as recommended by a physician at New York Presbyterian Hospital.

94. That on August 31, 2012, Defendants, THE CITY OF NEW YORK, POLICE OFFICER MATTHEW JAGODA, POLICE OFFICER MICHAEL MCCARTHY, POLICE OFFICER BRIAN JAY, POLICE OFFICER ROBERT MAY, POLICE OFFICER JOHN DOE(S) #'s 1-3, Police Officer(s), Detectives, and/or other agents

and/or employees of the New York City Police Department, deprived Plaintiff, SAUL BERNABE, of his liberty by refusing to allow the recommended treatment for Plaintiff's injuries with indifference to his medically urgent needs in violation of the Laws of the State of New York, all while in the scope and furtherance of their employment.

95. That as a direct, proximate cause of Defendants', THE CITY OF NEW YORK, POLICE OFFICER MATTHEW JAGODA, POLICE OFFICER MICHAEL MCCARTHY, POLICE OFFICER BRIAN JAY, POLICE OFFICER ROBERT MAY, POLICE OFFICER JOHN DOE(S) #'s 1-3, medical indifference to Plaintiff, SAUL BERNABE's, dire medical needs, Plaintiff has suffered great physical and injuries, resulting in pain and suffering, as well as disruption of his life and loss of enjoyment of the ordinary pleasures of everyday life.

### XIV. TENTH CAUSE OF ACTION
**Pursuant to State Law (RESPONDEAT SUPERIOR)**

96. Paragraphs 1 through 95 are hereby re-alleged and incorporated by reference herein.

97. That at all times, all Defendants were acting within the scope of their employment.

98. That Defendant CITY was able to exercise control over Defendant Officers' activities.

99. That Defendant CITY is liable for Defendant Officers' actions under the doctrine of respondeat superior.

100. By reason of the foregoing, Plaintiff suffered mental injuries, emotional injuries, economic injury, trauma, humiliation, terror, damage to reputation, and other psychological injuries. All of said injuries may be permanent.

## INJURY AND DAMAGES

As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer, emotional pain, suffering, inconvenience, injury to his reputation, loss of enjoyment of life, loss of liberty and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

WHEREFORE, Plaintiff respectfully requests that judgment be entered:

1. Awarding Plaintiff compensatory damages in a full and fair sum to be determined by a jury;

2. Awarding Plaintiff punitive damages in an amount to be determined by a jury;

3. Awarding Plaintiff interest from August 31, 2012; and

4. Awarding Plaintiff reasonable attorney's fees pursuant to 42 USC §1988; and

5. Granting such other and further relief as to this Court seems proper.

Dated: New York, NY
February 20, 2014

                                         Yours, etc.

                                         JUSTIN M. ROPER, ESQ.
*ATTORNEY FOR PLAINTIFF*
NASS & ROPER LAW, LLP
14 PENN PLAZA, SUITE 2004
NEW YORK, NEW YORK 10122

## ATTORNEY'S VERIFICATION

JUSTIN M. ROPER, ESQ., an attorney duly admitted to practice before the Courts of the State of New York, affirms the following to be true under the penalties of perjury:

I am an attorney and member of NASS & ROPER LAW, LLP, attorneys for Plaintiff, SAUL BERNABE. I have read the annexed COMPLAINT and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

The reason this verification is made by me and not Plaintiff is that Plaintiff is not presently in the county wherein the attorneys for the Plaintiff maintain their offices.

DATED:    New York, New York
               February 20, 2014

                                                _____
                                                JUSTIN M. ROPER, ESQ.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SAUL BERNABE,

                        Plaintiff,

– against –

CITY OF NEW YORK, ET AL.

                        Defendants.

## AMENDED COMPLAINT

**NASS & ROPER LAW, LLP**
*Attorneys for Plaintiff*
SAUL BERNABE
14 Penn Plaza, Suite 2004
New York, New York 10122
(718) 775-3246
Fax: (718) 775-3246*

---

* Not for service of papers.