# JON L. NORINSBERG
ATTORNEY AT LAW
TRANSPORTATION BUILDING
225 BROADWAY
SUITE 2700
NEW YORK, NEW YORK 10007
www.norinsberglaw.com

BRONX OFFICE
5938 FIELDSTON ROAD
BRONX, NEW YORK 10471

TEL (212) 791-5396
FAX (212) 406-6890
E-MAIL: norinsberg@aol.com

JON L. NORINSBERG
_____
JOHN J. MEEHAN

January 29, 2015

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    ***Bernabe v. City of New York, et al.***
              ***Index No. 13 CV 2567 (LGS) (GWG)***

Your Honor:

      I represent plaintiff Saul Bernabe in the above referenced civil rights action brought pursuant to 42 U.S.C. §1983. Plaintiff now respectfully moves for an Order pursuant to Rule 37(b)(2) (c): i) striking the defendants' answer and granting a default judgment, ii) imposing monetary sanctions on both defense counsel and the City of New York; or in the alternative, iii) precluding defendants from using any of the evidence which has recently been disclosed to plaintiff's counsel in the trial of this action.

      The basis of this application is that defendants have flagrantly violated the Court's discovery Order, which set the close of discovery at September 12, 2014 (Docket No. 32) by disclosing now, on the eve of trial, *over 150* new documents and recordings. Among the documents that defendants have just disclosed: i) actual *videotapes* of the incident; ii) an audio recording of an interview with plaintiff taken on the night of the incident; iii) an audio recording of an eyewitness taken on the night of the incident; iv) the Internal Affairs report for this incident (which defense counsel, Liza Sohn, Esq., had previously represented did *not exist*) (Ex. A); v) Sprint reports for the subject incident; vi) Photographs of plaintiff; vi) Medical Treatment of Prisoner Form for plaintiff; vii) Line of Duty Injury Reports for P.O. Jay and P.O. May; viii) hospital records for P.O. May and P.O. Rosario; and ix) the Duty Captain's relating to the subject incident. These documents could not be any more critical to the prosecution of this action. Yet, defendants chose not disclose these records until the eve of trial – thus depriving plaintiff of his ability to have this vital evidence while discovery was still ongoing and use it to build his case for trial – resulting in severe, and irreparable, harm to plaintiff in this civil action.

**Procedural History**

On April 25, 2014, plaintiff requested that defendants provide, inter alia, all NYPD documents that "relate[] in any way to the within Plaintiff and/or the complained of incident on August 31, 2012." Further, on July 14, 2014, plaintiff's further requested that defendants provide additional records, including: I) the Line of Duty Injury Reports; ii) the Medical Treatment of Prisoner Form; iii) the hospital records for P.O. May and P.O. Rosario; iv) the Firearm Discharge Report (relating to the Taser gun); and v) Sprint records reflecting the radio transmissions that were made on the night of the incident. On July 22, 2014, plaintiff's counsel wrote to Ms. Sohn, reminding her of the outstanding discovery. (Ex. B). ("Please see these previous e-mails for docs we still need to get ASAP"). Having received no response from defense counsel, on July 23, 2014, plaintiff's counsel wrote to the Court, explaining that a discovery extension would be required based on defense counsel's failure to provide outstanding discovery. (Ex. C) ("Plaintiff is also awaiting *crucial discovery* from defense counsel that has been requested through formal document demands and phone-calls, emails and letters"). See also id. ( "[D]efense counsel has not turned over discovery for this case ..."),  On July 25, 2014, this Court issued an Order require defendants to explain its failure to provide the outstanding discovery. (Docket No. 22) ("Defendant is directed to file a response no later than July 29, 2014, describing its efforts to comply with Plaintiff's discovery demands."). In response, defense counsel submitted a letter on July 29, 2014, stating that all of the outstanding discovery would be provided within 30 days. (Docket No. 23) ("It typically takes approximately 30 days to receive records from the NYPD after a request has been submitted, but I anticipate that much, if not all, of the information will be received and produced before August 28, 2014 (30 days from today.")). Defendants did not, however, provide such records "within 30 days." In fact, all of the above records were not provided until mid-January 2015, just three weeks before trial.

Worse still, on September 11, 2014, Ms. Sohn specifically represented that *no IAB file existed* (Ex. A) ("The IAB report is included in the CCRB report which was already produced; there is no separate IAB report because it was directed to CCRB to conduct the investigation."). In fact, an IAB file *does* exist and was just turned over by defense counsel on January 26, 2014. The value of the evidence contained in this file cannot be overstated. Yet, because of defendant's wilful non-disclosure of such evidence, plaintiff was deprived of using such critical evidence when conducting depositions of the nine police officers who were deposed. Under the law of this Circuit, the only proper remedy is to strike defendants' pleadings.

**I.   DEFENDANTS' ANSWER SHOULD BE STRICKEN AND A DEFAULT JUDGMENT ENTERED BASED UPON DEFENDANTS' FLAGRANT VIOLATION OF ITS DISCOVERY OBLIGATIONS.**

    **A.   Rule 37 Authorizing Striking a Pleading When A Party Wilfully Violates a Discovery Order.**

Under Fed. R.Civ. P. 37(b)(2), "if a party ... fails to obey an order to provide or permit

discovery ... the court in which the action is pending may make such orders in regard to the failure as are just," including "an order dismissing the complaint or *directing the entry of a default judgment*." Davidson v. Farrell, 204 F.R.D. 251, 255 (S.D.N.Y. 2001). "Although entry of a [such an order] is an extreme measure, discovery orders are meant to be followed." (Id.) Thus, "[a] party who flouts such orders does so at his peril." Bambu Sales, Inc., v. Ozark Trading Inc., 58 F.3d , 849, 853 (2d Cir. 1995), citing Update Art, Inc., v. Modiin Publ'g, Ltd., 843 F.2d 67, 73 (2d Cir. 1988). See also Baba v. Japan Travel Bureau Int'l, Inc., 111 F.3d 2, 5 (2d Cir. 1997) ("This Court does not hesitate to affirm the dismissal of claims as a sanction for 'wilfulness, bad faith, or any fault' on the part of the sanctioned party.")

Compliance with discovery orders is "necessary to the integrity of our judicial process." Daval Steel Prods. v. M/V Fakredine, 951 F.2d. 1357, 1365 (2d Cir. 1992). Thus, "[a]lthough severe, it is within a court's discretion to strike pleadings and enter a default judgment, or to dismiss an action where the violations in question are willful." Advanced Portfolio Techs., Inc. v. Advanced Portfolio Techs. Ltd., 1999 U.S. Dist. LEXIS 1265, 9, 1999 WL 64283 (S.D.N.Y. Feb. 8, 1999) (citing United States Freight Co. v. Penn Central Transp. Co., 716 F.2d 954, 954-55 (2d Cir. 1983); Woo v. City of New York, 1997 U.S. Dist. LEXIS 7315, 1997 WL 277368 (S.D.N.Y. 1997); Edwards v. American Airlines, Inc., 1996 U.S. Dist. LEXIS 10772, 1996 WL 432472 (S.D.N.Y. 1996). "Noncompliance with discovery orders is considered wilful when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." Davis v. Artuz, No. 96 Civ. 7699 (GBD) 2001 U.S. Dist. LEXIS 384, *8,(S.D.N.Y. Jan. 19, 2001), citing Baba v. Japan Travel Bureau, Int'l, Inc., 165 F.R.D. 398, 402-03 (S.D.N.Y. 1996), *aff'd*, 111 F.3d 2 (2d Cir. 1997).

### B. Defendants Have Flagrantly Violated the Court's Discovery Deadline By Disclosing Over 150 Pages of New, Highly Material Documents and Recordings on the Eve of Trial.

Here, the Court issued an Order setting the deadline for the close of fact discovery to be on September 12, 2014. See Docket No. 32 ("The deadline for fact discovery is hereby extended to September 12, 2014. *No further extensions will be granted absent exceptional circumstances."*) (emphasis supplied). Notwithstanding this Order, defendants have chosen to conduct discovery on their *own* timetable, disclosing records on a schedule of their own choosing. In the past two weeks alone, defendants have served over 150 new documents and recordings, all under the guise of making "supplemental" disclosures. Yet, defendants were obligated to turn these documents over during discovery, when plaintiff still had an opportunity to use them to help build his case. In fact, under the Section 1983 Plan for the Southern District, defendants were required to disclose the IAB Report for this incident within 28 days of their answer. Ex. D ("Within 28 days after the first defendant files its answer, the parties *must* complete production of the following discovery ... The City shall serve on plaintiff: Any CCRB records and IAB clsoing report regarding the incident that forms the basis of the complaint."). Thus, disclosure of the IAB Report for this incident was not optional – it was *mandatory*. Moreover, the documents that have now been turned were *specifically requested* by plaintiff during discovery. For example, the Line of Duty Injury Reports, the Medical Treatment

of Prisoner Form, the Firearm Discharge Report, the hospital records for P.O. May and P.O. Rosario, were all requested by name back in July 2014. While Ms. Sohn represented to the Court that such records would be provided by the NYPD "within 30 days," in fact, they were not provided until January 2015 – long after the Court's Order mandating the close of discovery for September 12, 2014.

Worse still is defendants' failure to turn over the videotapes of the incident. Without question, this is vitally important evidence and could have been used by plaintiff during his depositions of each and every officer to establish certain facts (or lack thereof) and to help build this case for trial. Instead, plaintiff was forced to complete all discovery without this crucial evidence. Equally disturbing is defendants' failure to turn over the interview of an eyewitness, John Nelson – the alleged individual who was engaged in a "drug transaction" with plaintiff, even though no such drugs were ever found on plaintiff or Mr. Nelson – who was present during parts of the incident and who most certainly is a material eyewitness. As a result of defendants' failure to provide this information, Mr. Nelson was never deposed during discovery. But perhaps most egregious of all is defendants' failure to disclose the interview of the plaintiff on the night of the incident – where he was questioned by detectives without counsel for a half-hour. Without question, plaintiff should have received a copy of his own statement prior to giving testimony at a deposition. Defendants' failure to disclose this statement is both inexplicable and inexcusable.

In sum, defendants have exhibited a brazen and callous disregard for their discovery obligations under the Federal Rules, and defendants have shown an audacious disregard for this Court's discovery order (Docket No. 32). Defendant's flagrant violation of the Court's discovery deadline is, by itself, a basis for striking defendants' pleadings under Rule 37(b)(2). See United States Freight Co. v. Penn Cent. Transp. Co., 716 F.2d 954, 954, 1983 U.S. App. LEXIS 26749, 2, 37 Fed. R. Serv. 2d (Callaghan) 283 (2d Cir. N.Y. 1983) ("Magistrate Raby fixed the discovery timetable by order on November 17, 1982. It is the sanction imposed on Penn Central for failure to comply with this order that is the subject of the present appeal."). Under such circumstances, the Court should strike defendants pleadings and enter a default judgment against them. As the Second Circuit has stated, in language that is equally applicable here:

> Although entry of a default judgment is an extreme measure, discovery orders are meant to be followed. A party who flouts such orders does so at his own peril. Defendants rolled the dice on the district court's tolerance for deliberate obstruction, and they lost. We have no intention of letting them return to the table. If one suggests that our decision is strong medicine, that is precisely what it is intended to be. This is not the first time such potent medicine has been prescribed.

Bambu Sales v. Ozak Trading, 58 F.3d 849, 853 (2d Cir. 1995) (internal citations and quotation marks omitted).

4

   Defendants here too "rolled the dice" by exhibiting a cavalier and blatant disregard of their discovery obligations and the Court's discovery deadline. Such conduct has resulted in severe prejudice to plaintiff, and cannot be undone at this late stage. Under such circumstances, defendants answer should stricken. See Baum, supra.; United States Freight, supra.

  C.  **Imposing Any Lesser Sanction Would Not Remedy the Harm Caused to Plaintiffs, Nor Would it Deter Defendants From Engaging In Similar Conduct in the Future.**

  A District Court has wide discretion in imposing sanctions under Rule 37(b)(2). See Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1361 (2d Cir. 1991). While the court could impose a lesser sanction, this would *not* remedy the harm in this case. The damage done to plaintiff's case is incalculable. Defendants deprived plaintiff of crucial evidence during discovery, and thus foreclosed his ability to use such evidence to build up his case for trial. Ordering preclusion will *not* cure this remedy. It will only prevent defendants from being able to benefit from their belated disclosures at trial. It will not, however, cure the prejudice to plaintiff of being deprived of such material evidence during discovery. Short of starting the entire case all over again, there is simply no way to undo the damages the defendants have done.

  Moreover, "it is unlikely that any lesser sanction will be effective to deter [defendants] from engaging similar conduct or to deter litigants in general from engaging in improper dilatory behavior." Davidson v. Dean, 204 F.R.D. 251, 256, 2001 U.S. Dist. LEXIS 18709, 14 (S.D.N.Y. 2001). This is significant because "[g]eneral deterrence, rather than mere remediation of the particular parties' conduct, is a goal under Rule 37." United States Freight Co. v. Penn Cent. Transp. Co., 716 F.2d 954, 955 (2d Cir. N.Y. 1983). Thus, "unconditional impositions of sanctions are necessary to deter 'other parties to other lawsuits' from flouting 'other discovery orders of other district courts.'" Id (quoting National Hockey League v. Metropolitan Hockey Club, Inc., 427 U.S. at 643; Paine, Webber, Jackson & Curtis, Inc. v. Inmobiliaria Melia de Puerto Rico, Inc., 543 F.2d 3, 6 (2d Cir. 1976), cert. denied, 430 U.S. 907, 51 L. Ed. 2d 583, 97 S. Ct. 1178 (1977).

  D.  **In Addition, Monetary Sanctions Should be Imposed on both the City of New York and Defense Counsel.**

  Apart from striking defendants' answer, monetary sanctions should be imposed on both the City of New York and defense counsel Liza Sohn, Esq."Monetary sanctions are appropriate 'to punish the offending party for its actions [and] to deter the litigant's conduct, sending the message that egregious conduct will not be tolerated.'" Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC, 280 F.R.D. 147, 157 (S.D.N.Y. 2012) (quoting Green v. McClendon, 262 F.R.D. 284, 2009 U.S. Dist. LEXIS 71860, at *23 (S.D.N.Y. 2009) (citing In re WRT Energy Securities Litigation, 246 F.R.D. 185, 201 (S.D.N.Y. 2007). Such sanctions may be imposed on a party, its counsel, or both. See Phoenix Four, 2006 U.S. Dist. LEXIS 32211, at *28-29 (imposing Rule 37(c)(1) sanctions on both counsel and party).

Here, defense counsel falsely represented to plaintiff's counsel that the IAB file *did not exist*. Ex. A ("The IAB report is included in the CCRB report which was already produced; *there is no separate IAB report* because it was directed to CCRB to conduct the investigation."). Further, defense counsel failed to turn over – until *now* – documents that plaintiff had specifically and repeatedly requested during discovery. For example, defense counsel failed to produce the Sprint records relating to the incident, the Line of Duty Injury reports for P.O.'s Jay and May, the hospital records for P.O. May and Rosario, the Medical Treatment of Prisoner form for plaintiff. Worse still, defense counsel continues to serve "supplemental" discovery responses – we received one as recently as last night – when the trial is a mere three weeks away. Worse still, without seeking the Court's permission, defense counsel has just served a subpoena for plaintiff's hospital records relating to another incident. (Ex. E). While plaintiff's counsel told Ms. Sohn that discovery was over and that it was therefore *improper* to serve such a subpoena without the Court's permission (Ex. E) ("It is completely improper to conduct discovery now. The discovery deadline ended almost six months ago. If you serve these subpoenas now, it will be in clear violation of the Court's Order ....") – Ms. Sohn nonetheless proceeded to serve the subpoena yesterday ("We served the subpoena. It is returnable February 3, 2015."), seeking to obtain discovery long after the deadline has passed.

Based on the foregoing, it clear that monetary sanctions are warranted in this case, so as to punish defendant's actions and deter such future misconduct from taking place in other cases. See Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC, 280 F.R.D. 147, 157 (S.D.N.Y. 2012) ("Monetary sanctions are appropriate to punish the offending party for its actions and to deter the litigant's conduct, sending the message that egregious conduct will not be tolerated.") (internal quotation marks and brackets omitted).[1]

## II. IN THE ALTERNATIVE, DEFENDANTS SHOULD BE PRECLUDED FROM USING THE NEWLY DISCLOSED MATERIALS IN ANY MANNER AT TRIAL.

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, each party must provide to the other parties "a copy — or description by category and location — of all documents,

---

[1] As yet another example of defendant's wilful disregard of the Court's Orders, the Court had previously denied defendants' belated application to file a motion for partial summary judgment. (Docket No. 40) ("Application denied as untimely. Defendants should have raised the request to file their motion prio to the case management conference that took place on October 28, 2014, in accordance with the Court's Individual Rules."). Apparently undeterred by this ruling, on January 20, 2015 defendants moved for "reconsideration" of the Court's ruling, without identifying any facts or law that the Court had overlooked. While this motion reconsideration was still pending – but *before the Court had granted permission to file such a motion*– defendants nonetheless chose to file their motion for summary judgment anyway, calling it "a motion *in limine*." but making the exact same arguments that they had proposed in their motion for summary judgment. *Compare* Docket No. 48 with Docket No. 49, Pts. I-IX. Defendants' brazen disregard of the Court's orders should not be allowed to go unpunished. Monetary sanctions are warranted and should be imposed by the Court.

6

electrically stored information, and tangible things that the disclosing party... may use to support its claims or defenses." Fed. R. Civ. P. 26(a)(1)(A)(ii). "A party is not excused from making its disclosures because it has not fully investigated the case." Fed. R. Civ. P. 26(a)(1)(E). The duty to supplement "applies whether the corrective information is learned by the client or by the attorney." Fed. R. Civ. P. 26(e) advisory committee's note (1993 Amendment). Moreover, "the federal discovery rules place a duty on a party to turn over not only proper materials of which he is aware, but also those of which he *reasonably ought to have been aware*." Ritchie Risk-Linked Strategies Trading (Ir.), Ltd. v. Coventry First LLC, 280 F.R.D. 147, 156 (S.D.N.Y. 2012) (quoting Arthur v. Atkinson Freight Lines Corp., 164 F.R.D. 19, 20 (S.D.N.Y. 1995) (imposing sanctions where plaintiff's counsel ought to have been aware that additional medical records had become available). Lastly, while a party may – and, indeed, has an affirmative obligation to – supplement fact disclosures that are discovered to be incomplete, such supplementation must be made "in an *timely* manner," Fed. R. Civ. P. 26(e), so as to avoid prejudicing adverse parties.

In order to ensure parties' compliance with the mandatory disclosure requirements of Rule 26, Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that: "If a party fails to provide information... as required by Rule 26(a) or (e), the party is not allowed to use that information ... to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The purpose of Rule 37(c) is to prevent the practice of "sandbagging" an adversary with new evidence. Ebewo v. Martinez, 309 F. Supp. 2d 600, 607 (S.D.N.Y. 2004); Johnson Electric North America Inc. v. Mabuchi Motor America Corp., 77 F. Supp. 2d 446, 458-59 (S.D.N.Y. 1999). Thus, when a party "fails to provide information...as required by Rule 26(a) or (e), the party is not allowed to use that information...at a trial." Fed R. Civ. Pro. 37(c)(1). "A showing of bad faith is *not* required before evidence may be exluded under Rule 37(c)(1). Landau v. Spenuzza, Inc., 2009 U.S. Dist. LEXIS 27379, *(E.D.N.Y. Mar. 31, 2009)(citing Design Strategy, Inc. v. Davis, 469 F.3d 284, 296 (2d Cir. 1996)(emphasis supplied).

Here, defendants have failed to provide plaintiff with crucial evidence – evidence that was in their possession on the night of the incident, or very short thereafter – that they were obligated to provide under the Federal Rules. Under such circumstances, defendants should be precluded from using, in *any* manner, any of the records in the IAB file and any of the other materials that were recently disclosed in defendants Fourth, Fifth and Sixth Supplemental Disclosures. See Patterson v. Balsamico, 440 F 3d. 104 (2d Cir. 2006)("The district court did not, therefore, abuse its discretion in refusing to allow the belatedly-identified witnesses to testify."); Penthouse Intern v. Playboy Enterprises, Inc., 663 F 2d. 371 (2d Cir. 1981)("Rule 37 sanctions must be applied diligently both "to penalize those whose conduct may be deemed to warrant such a sanction, (and) to deter those who might be tempted to such conduct in the absence of such a deterrent.")(citing National Hockey League v. Metropolitan Hockey Club, 96 S.Ct. 2778 at 2781 (1976)). Robbins & Myers, Inc. v. J.M. Huber Corp., 274 F.R.D. 63, 80-81 (W.D.N.Y. 2011) ("As the court has determined these documents were subject to Plaintiff's duty to supplement as information material to the accuracy or completeness of Defendants' responses to Plaintiff's Document Requests, but not produced for six months after their creation, the documents were not provided in a 'timely manner,' as required by Rule 26(e)(1)(A), and Defendants were not otherwise made aware of the information represented by

7

the documents, Plaintiff is subject to sanctions pursuant to Fed. R. Civ. P. 37(c).").

## Conclusion

For all of the foregoing reasons, plaintiff respectfully requests that the Court issue an Order, pursuant to Rule 37(b)(2) (c): i) striking the defendants' answer and granting a default judgment, ii) imposing monetary sanctions on both defense counsel and the City of New York; or in the alternative, iii) precluding defendants from using any of the evidence which has recently been disclosed to plaintiff's counsel in the trial of this action.

Respectfully submitted,

Jon L. Norinsberg